IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUDITH ELAINE PETTY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0278-WS-B |
| ) | |
| **JOHN RUDD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

ORDER

This matter is before the Court on the motion of defendant Hancock Bank ("Hancock") to dismiss or, in the alternative, motion for more definite statement. (Doc. 7). The parties have filed briefs in support of their respective positions, (Docs. 7, 15, 17), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion to dismiss is due be granted in part and denied in part and that the motion for more definite statement is due to be denied.

BACKGROUND

According to the amended complaint, Hancock is the mortgagee of certain property owned by the plaintiff. The plaintiff disputed the debt under Section 809(b) of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. §1692(b), by sending a letter to defendants Johnson and Freedman, LLC and its agent John Rudd, but the defendants initiated a non-judicial foreclosure of the property before complying with that section and even though the mortgage provides only for judicial foreclosure. The amended complaint alleges wrongful foreclosure in violation of the Act; wrongful foreclosure in violation of Alabama law; and, in Count Two, breach of contract. (Doc. 1, Attachment 1 at 91-93).

## DISCUSSION

Hancock challenges the two wrongful disclosure claims on a multitude of grounds. The plaintiff makes no effort to defend them, and the Court concludes these claims have been abandoned to the extent they are asserted against Hancock.

As to the breach-of-contract claim, Hancock complains that the amended complaint "has not identified any of the four required elements" of such a claim. (Doc. 7 at 9). It then lists two (not four) elements it believes the amended complaint fails to address.[1]

First, Hancock argues that "Plaintiff has not identified any failure by Hancock to perform an obligation under the mortgage or any provision of the mortgage that Hancock allegedly violated." (*Id.*). The amended complaint, however, expressly alleges as follows: "The Mortgage on the Plaintiff's residential property at 4724 Burkart Lane, Orange Beach, Alabama provides for judicial foreclosure. The Defendants have initiated non-judicial foreclosure notwithstanding the express terms of the Mortgage." (Doc. 1, Attachment 1 at 92). This allegation is incorporated by reference into Count Two, which, for good measure, repeats that the "initiation [of] non-judicial foreclosure contrary to the express terms of the Mortgage constituted a breach of the Mortgage Agreement." (*Id*. at 93). The amended complaint patently identifies the contractual obligation that Hancock allegedly violated.[2]

---

[1] Hancock could not seriously argue that the amended complaint fails to allege the existence of a contractual relationship, since Hancock is alleged to be the assignee of the plaintiff's mortgage. (Doc. 1, Attachment 1 at 91). Nor could Hancock plausibly assert that the count fails to allege damages from the breach, since Count Two expressly states, "The Plaintiff has sustained damage as a proximate cause [sic]" of the breach. (*Id*. at 93).

[2] In her brief, the plaintiff suggests that Count Two "clearly delineates that Defendant Hancock bank [sic] failed to give proper notices pursuant to the contract, and that Hancock was taking action in violation of the contract by initiating a non-judicial foreclosure action." (Doc. 15 at 4). The amended complaint, however, specifically limits the alleged breaching conduct to that of initiating non-judicial foreclosure when the mortgage contemplated only judicial foreclosure. No issue of failure to give proper notices is presented by the amended complaint, (Continued)

Second, Hancock asserts that the plaintiff has not "alleged that she was performing under the contract and that the loan was not in default." (Doc. 7 at 9). This is surely a curious argument. Foreclosure cannot properly occur until after the mortgagor is in default, so contractual provisions as to how the foreclosure will be conducted (such as that only a judicial foreclosure will be pursued) are triggered only by default. Yet Hancock assumes that the default both triggers the obligation to conduct only a judicial foreclosure and simultaneously relieves the mortgagee of that obligation. Without some explanation for how the law could countenance such a tortured result – and Hancock suggests none – the Court will not embrace it. Since Hancock has not shown that Alabama law makes this an element of the plaintiff's claim, Count Two is not subject to dismissal for failure to address it.

Hancock's one-page argument ends with two equally conclusory – and thus equally futile – assertions. First, that "for the same reason that there can be no wrongful foreclosure, there can be no breach of contract, because no foreclosure ever took place." (Doc. 7 at 9). But wrongful foreclosure is a tort, and any limitations on its reach have no obviously controlling effect on the parameters of a claim for breach of contract; certainly Hancock has offered nothing to bridge the gap between the two.

Finally, Hancock posits that "the mortgage attached to Plaintiff's Complaint acknowledges that Hancock is entitled to accelerate and foreclose the loan once it is in default; therefore, there has been no breach." (Doc. 7 at 9). This is a non sequitur. That Hancock may be entitled by contract to foreclose does not mean that it is entitled by contract to foreclose non-judicially.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

---

and no such issue will be part of this lawsuit until and unless the pleadings are amended under Rule 15 or otherwise.

reasonably prepare a response." Fed. R. Civ. P. 12(e).  Hancock does not address Rule 12(e) or explain how this simple claim for breach of contract could be too vague or ambiguous to allow it to prepare a response.

## CONCLUSION

For the reasons set forth above, Hancock's motion to dismiss is **granted** with respect to the federal and state claims for wrongful disclosure and **denied** with respect to the claim for breach of contract.  Hancock's motion for more definite statement is **denied**.

DONE and ORDERED this 28th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE