IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDITH ELAINE PETTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0278-WS-B |
| | ) |
| JOHN RUDD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendants Johnson and
Freedman LLC (J&F") and John Rudd (collectively, "the movants") to dismiss.  (Doc.
44).  The parties have filed briefs in support of their respective positions, (Docs. 46, 61,
52),[1] and the motion is ripe for resolution.  After careful consideration, the Court
concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

According to the amended complaint, defendant Hancock Bank is the mortgagee
of certain property owned by the plaintiff.  The plaintiff disputed the debt under Section
809(b) of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. §1692g, by
sending a letter to J&F and its agent Rudd, but the defendants initiated a non-judicial
foreclosure of the property before complying with that section and even though the

---

[1] The movants have also submitted certain exhibits.  (Doc. 46, Exhibits 1-5).  "When
considering a motion to dismiss [under Rule 12(b)(6)], … the court limits its consideration to the
pleadings and exhibits attached thereto."  *Thaeter v. Palm Beach County Sheriff's Office*, 449
F.3d 1342, 1352 (11th Cir. 2006).  Because the movants have not explained how the Court can
properly examine their exhibits, the Court does not consider them.

The movants generally invoke the motion to dismiss filed by their co-defendant over a
year ago.  (Doc. 46 at 1, 3).  They identify no particular argument that might assist them, and the
Court will not go searching on their behalf.

mortgage provides only for judicial foreclosure.  The amended complaint alleges wrongful foreclosure in violation of the Act; wrongful foreclosure in violation of Alabama law; and, in Count Two, breach of contract.  (Doc. 1, Attachment 1 at 91-93).

## DISCUSSION

### I.  Wrongful Foreclosure under Alabama Law.

As the movants point out, this Court has concluded that Alabama law recognizes no claim for wrongful foreclosure unless:  (1) a foreclosure sale took place; and (2) the defendant acted with an improper purpose rather than to secure the plaintiff's debt. *Selman v. CitiMortgage, Inc*., 2013 WL 838193 at *7-8 (S.D. Ala. 2013); *Hardy v. Jim Walter Homes, Inc*., 2007 WL 174391 at *6 (S.D. Ala. 2007).  The amended complaint alleges no improper purpose and affirmatively alleges that no foreclosure sale took place. The plaintiff offers no reason the Court should depart from its prior decisions.

### II.  Wrongful Foreclosure under the Act.

Section 1692g of the Act provides that, if a debtor timely and in writing disputes the debt, the debt collector must cease collection of the debt until it verifies the debt and mails such verification to the plaintiff.  The amended complaint cites Section 1692g, summarizes its provisions, and alleges that the plaintiff complied with it but that the movants then scheduled and advertised a foreclosure sale without complying with it. Count I then alleges that the movants thus "were without a legal right to pursue a foreclosure sale on August 4, 2011 in the absence of verification of the alleged debt outstanding.  The above-referenced actions support a finding of wrongful foreclosure in violation of" the Act.  (Doc. 1, Attachment 1 at 92).

The movants first note that no foreclosure sale occurred, (Doc. 46 at 6), but they do not explain how this fact precludes a violation of the Act.  The movants' only other argument is the assertion of "bona fide error" under Section 1692k(c).  (*Id*. at 6-8).  This is an "affirmative defense," *Owen v. I.C. System, Inc*., 629 F.3d 1263, 1265 (11th Cir. 2011), and is thus unfit material for dismissal for failure to state a claim.  "If the

complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)," *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009), but the amended complaint is not so subject.  Instead, the movants rely on outside evidence (and on assertions in brief not backed up by evidence) in an effort to show they fall within Section 1692k(c).

In her responsive brief, the plaintiff suggests the amended complaint asserts causes of action for violation of Sections 1692e(5), 1692f(1), and 1692f(6)(A).  (Doc. 51 at 6-7, 10).  The movants insist that no such claims are presented by the amended complaint. (Doc. 52 at 3).  The plaintiff disagrees but offers to amend should the Court deem it necessary.  Any dispute regarding the claims that are or are not part of the amended complaint has not been properly presented to the Court for resolution.  "A request for a court order must be made by motion."  Fed. R. Civ. P. 7.1(b)(1).  The plaintiff has not moved for leave to amend the complaint, and the movants have not moved to exclude any cause of action based on the above-referenced sections.

### III.  Breach of Contract.

The contract at issue is the mortgage.  The mortgage is an exhibit to the amended complaint, and it does not reflect that the movants are parties to the agreement.  The amended complaint does not allege that the movants are parties to the mortgage, and the plaintiff identifies no other basis on which the movants could be liable for breach of the mortgage.

### CONCLUSION

For the reasons set forth above, the motion to dismiss is **granted** with respect to the claim for wrongful foreclosure under Alabama law and **granted** with respect to the claim for breach of contract.  The motion is in all other respects **denied**.

DONE and ORDERED this 29th day of  April, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

3